UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VERANCIA ARAGON, an individual,<br><br>        Plaintiff,<br>    v.<br><br>WESTERN UNITED INSURANCE COMPANY dba AAA NEVADA INSURANCE COMPANY, DOES I-X, and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>        Defendants. | Case No. 2:12-cv-00616-MMD-GWF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss Plaintiff's Allegations Regarding Breach of Fiduciary Duty, Motion to Strike Paragraphs 3 and 4 of Plaintiff's Complaint, and Motion to Strike Punitive Damages in Claim for Breach of Contract – dkt. no. 6). |

**I.    SUMMARY**

Before the Court is Defendant Western United Insurance Company dba AAA Nevada Insurance Company's ("Defendant") Motion to Dismiss Plaintiff's Allegations Regarding Breach of Fiduciary Duty, Motion to Strike Paragraphs 3 and 4 of Plaintiff's Complaint, and Motion to Strike Punitive Damages in Claim for Breach of Contract (the "Motion"). (Dkt. no. 6.)    For reasons discussed below, the Motion is denied.

**II.    BACKGROUND**

This is an insurance bad faith case arising from Defendant's denial of uninsured/underinsured motorist benefits under an automobile insurance policy.  Plaintiff had an auto insurance policy with Defendant and Doe Defendants.  On November 16, 2009, a vehicle negligently driven by a third party struck Plaintiff's vehicle while driving along Summerlin Parkway.  The third party's auto insurance liability coverage was less than the amount of injury Plaintiff sustained, and Plaintiff filed for uninsured/underinsured motorist benefits under her own policy.  However, Defendant and Doe Defendants denied coverage.

Plaintiff then brought this action asserting breach of contract, violations of Nevada's Unfair Claims Act, and breach of the implied covenant of good faith and fair dealing. Defendant now moves to dismiss what it perceives to be an implied breach of fiduciary duty claim, to strike references to Defendants Does and Roes, and to strike Plaintiff's request for punitive damages. Because Plaintiff has pleaded sufficient facts to support the claims in the Complaint, the Motion is denied.

### III.    DISCUSSION

#### A.    Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

Additionally, under Rule 12(f) a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Matter is "immaterial" if it has no bearing on the controversy before the court. *In re 2TheMart.com, Inc Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are admissible as evidence. *Id.* "Scandalous" matter is that which casts a cruelly derogatory light on a party or other person. *Id.* "Federal courts generally disfavor motions to strike." *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300 (D. Nev. 2003).

///

### B. Analysis

Defendant moves to dismiss a fiduciary duty claim or, alternatively, to strike any reference in the Complaint to a fiduciary duty existing between Plaintiff and Defendant. Additionally, Defendant moves to strike Plaintiff's joinder of Doe and Roe Defendants as well as Plaintiff's request for punitive damages. The Court will address each argument in turn.

#### 1. Fiduciary Duties

Defendant seeks to dismiss a claim for breach of fiduciary duty; however, the Complaint does not contain such a claim. Defendant's alternative argument to strike the one sentence referencing a fiduciary duty similarly fails. Nevada law recognizes that an insurer owes duties fiduciary in nature to its insured, and that a breach of those duties gives rise to a bad faith claim. *See Insurance Co. of the West v. Gibson Title Co., Inc.*, 134 P.3d 698, 703 (2006). Thus, Plaintiff's reference to fiduciary duty together with her claim for breach of the implied covenant of good faith and fair dealing is not redundant, immaterial, impertinent or scandalous. The motion to dismiss and the alternative motion to strike are denied.

#### 2. Fictitious Parties

Defendant moves to strike references to Doe and Roe Defendants in the Complaint because the Federal Rules of Civil Procedure do not allow for the pleading of fictitious parties. Defendant misconstrues the rules. Even within the Ninth Circuit, where fictitious pleading is certainly disfavored, *see e.g.*, *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969), there is not a comprehensive prohibition, *see e.g.*, *Lindley v. General Elec. Co.*, 780 F.2d 797, 799-400 (9th Cir. 1986). The Ninth Circuit has recognized that "situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint" and "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Plaintiff's Complaint alleges facts such that discovery could uncover identities of other corporate entities and the Complaint will not be dismissed on other grounds. Because of this, coupled with the fact that the naming of fictitious parties is only disfavored and not prohibited, the motion to strike is denied. However, the Court notes that Plaintiff's ability to substitute actual parties for the Doe and Roe Defendants, as well as whether those amendments will relate back to the initial filing and toll applicable statutes of limitations, will depend on discovery and Rule 15 of the Federal Rules of Civil Procedure and remains for future decision.

### 3. Punitive Damages

Finally, Defendant moves to strike the prayer for punitive damages arguing that such damages are unavailable under contractual liability. This assertion, although true, is irrelevant because one of Plaintiff's claims sounds in tort, not in contract. An insurer's breach of the implied covenant of good faith gives rise to a tort claim. *Allstate Insurance Company v. Miller*, 212 P.3d 318, 324 (Nev. 2009). Under this type of claim, "[p]unitive damages are available." *Bergerud v. Progressive Cas. Ins.*, 453 F.Supp.2d 1241, 1251 (D. Nev. 2006). Here, the Plaintiff has alleged a breach of the implied covenant of good faith and fair dealing. Thus, the claim sounds in tort and the prayer for punitive damages may be sustained.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Allegations Regarding Breach of Fiduciary Duty, Motion to Strike Paragraphs 3 and 4 of Plaintiff's Complaint, and Motion to Strike Punitive Damages in Claim for Breach of Contract (dkt. no. 6) is DENIED.

DATED THIS 4th day of October 2012.

_____
UNITED STATES DISTRICT JUDGE